**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:19-cv-315-RJC-DCK**

| | | |
|---|---|---|
| **DAVID DANIEL FOSTER, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **ORDER** |
| | ) | |
| **DEPARTMENT OF THE NAVY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint, (Doc. No. 1). An Application to Proceed in District Court Without Prepaying Fees or Costs signed by Plaintiff Daniel Foster, (Doc. No. 2), has also been filed.

*Pro se* Plaintiffs Daniel Foster and his wife Barbara, who live in West Virginia, have filed the Complaint against the Department of the Navy for injuries that Mr. Foster allegedly incurred from drinking contaminated water at Camp Lejeune.

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, *et seq.*, "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." Id. Because sovereign immunity is jurisdictional, the terms of the waiver define the court's ability to hear the suit. See id. Venue is governed by 28 U.S.C. § 1402(b) which provides that tort claims against the United States "may be prosecuted only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). It is a plaintiff's obligation to institute an action in a permissible forum and the plaintiff usually bears the burden of establishing that venue is proper. If the court concludes

1

that venue is improper, it must either dismiss the action or, "if it be in the interest of justice, transfer [it] to any district or division in which it could have been brought. 28 U.S.C. § 1406(a). Pursuant to the statutory provisions for change of venue in civil actions generally, district courts may, "[f]or the convenience of the parties and witnesses, in the interest of justice," a court may transfer a civil action to any district where the action "might have originally been brought." 28 U.S.C. § 1404(a); see Datasouth Computer Corp. v. Three Dimensional Techs., Inc., 719 F. Supp. 446, 450-51 (W.D.N.C. 1989) (listing factors that courts commonly consider in determining whether transfer is appropriate). When venue is not proper, a court may dismiss the action under Fed. R. Civ. P. 12(b)(3). "In the absence of a waiver," a district court does not err "by raising the issue of defective venue on its own motion." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Plaintiffs reside in West Virginia and the alleged negligence occurred at Camp Lejeune which is in the Eastern District of North Carolina. Because Plaintiffs do not reside in the Western District of North Carolina and the alleged negligence did not occur here, venue does not lie in this District. The Court will, in the interest of justice, transfer this action to the Eastern District of North Carolina where the alleged negligence in this case occurred. See Lopez v. U.S. Government, 68 F.Supp.2d 688 (M.D.N.C. 1999); Patel v. Phillips, 933 F.Supp.2d 153 (D.D.C. 2013) (transferring pro se plaintiff's FTCA claim sua sponte to the district where his medical records and other records were presumably located).

### III.   CONLUSION

For the reasons stated herein, this action will be transferred to the Eastern District of North Carolina.

**IT IS THEREFORE ORDERED** that the Clerk of this Court is hereby ordered to transfer this action to the Eastern District of North Carolina.

Signed: September 27, 2019

Robert J. Conrad, Jr.
United States District Judge