IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CV-429-FL

| | | |
|---|---|---|
| DAVID DANIEL FOSTER, and<br>BARBARA A. FOSTER, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| | ) | ORDER |
| v. | )<br>) | |
| DEPARTMENT OF THE NAVY, | )<br>) | |
| Defendant. | ) | |

This matter comes before the court on defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). (DE 18). The issues raised are ripe for ruling. For the reasons that follow, defendant's motion is granted.

**STATEMENT OF THE CASE**

Plaintiffs, proceeding pro se and seeking leave to proceed in forma pauperis ("IFP"), commenced this action on July 9, 2019, in the United States District Court for the Western District of North Carolina. On September 27, 2019, the case was transferred to this court. On November 22, 2019, plaintiffs paid the filing fee for their complaint, mooting their IFP motion. Plaintiff's complaint was subsequently filed on November 25, 2019. On January 17, 2020, defendant filed the instant motion to dismiss, arguing that plaintiffs' claims are subject to dismissal under the Feres[1] doctrine, or in the alternative are subject to dismissal under the discretionary function

---

[1] Feres v. United States, 340 U.S. 135 (1950).

exception of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 et seq. Plaintiffs' scattershot response in opposition invokes lack of knowledge, the statute of limitations, the notice pleading standard, and standing.

**STATEMENT OF FACTS**

The facts alleged in the complaint may be summarized as follows. Plaintiff David Foster was stationed at Camp Lejeune "from 4/28/1972 through 7/28/1972."[2] (Compl. (DE 14) at 4). Plaintiff David Foster drank contaminated water at Camp Lejeune, causing cancer and other chronic illnesses. (Id. at 5). More specifically, plaintiff David Foster contends that he was diagnosed with multiple myeloma in 2016 and underwent chemotherapy in 2016 and 2017. (Id. at 4). The multiple myeloma has affected other organs, so that he suffers congestive heart failure and abnormal kidney function. (Id.). Plaintiff David Foster alleges "negligence of Camp Lejeune," and claims damages for medical expenses and pain and suffering. (Id. at 5). Plaintiff Barbara Foster claims damages for lost wages derivative of plaintiff David Foster's injuries. (Id.).

**COURT'S DISCUSSION**

A.  Standard of Review

A motion to dismiss under Rule 12(b)(1) challenges the court's subject matter jurisdiction. Such motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Where a defendant

---

[2] The government notes that, in an administrative claim and questionnaire that plaintiff David Foster submitted to the Navy, he stated he was stationed at Camp Lejeune from April 28, 1972, to April 27, 1974. (See Claimant Questionnaire (DE 19-2) at 2).

raises a "facial challenge[] to standing that do[es] not dispute the jurisdictional facts alleged in the complaint," the court accepts "the facts of the complaint as true as [the court] would in context of a Rule 12(b)(6) challenge." Kenny v. Wilson, 885 F.3d 280, 287 (4th Cir. 2018). When a defendant challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party in such case "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.   Analysis

"Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994). The FTCA waives sovereign immunity, providing that "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674; see 28 U.S.C. § 1346(b). However, this waiver is subject to several important qualifications and limitations, each of which bars claims against the United States on jurisdictional grounds. See Meyer, 510 U.S. at 475 ("Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States's] consent to be sued in any court define that court's jurisdiction to entertain the suit.'").

One such important limitation is the Feres doctrine. In Feres, the United States Supreme Court considered three cases brought under the FTCA, all of which raised negligence claims where claimants were injured, "while on active duty, and not on furlough, [by] others in the armed forces." 340 U.S. at 136–38. In one of the cases, an executrix sued for wrongful death, alleging

that decedent perished in a fire in his military barracks and that the military was negligent by quartering him in barracks known or which should have been known to be unsafe because of a defective heating plant, and in failing to maintain an adequate fire watch. Id. at 136–37. The Court held that the federal government had no liability "for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service," and all three cases were dismissed. Id. at 146.

Since Feres, the Court has gone on to explain that the doctrine categorically excludes from the FTCA "type[s] of claims that, if generally permitted, would involve the judiciary in sensitive military affairs at the expense of military discipline and effectiveness." United States v. Johnson, 481 U.S. 681, 690 (1987) (emphasis in original) (quoting United States v. Shearer, 473 U.S. 52, 59 (1985)). Moreover, the Feres doctrine is in place to protect congressional authority over the United States' military establishment under the Constitution. See Chappell v. Wallace, 462 U.S. 296, 300–02 (1983). The appropriate forum for relief when a soldier is injured during service is to pursue a claim within military structures, such as under the Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. §§ 801-946, or through administrative channels. Id.

"[W]here a complaint asserts injuries that stem from the relationship between the plaintiff and the plaintiff's service in the military, the 'incident to service' test is implicated." Cioca v. Rumsfeld, 720 F.3d 505, 515 (4th Cir. 2013). There is no "a specific element-based or bright-line rule regarding what type of conduct is 'incident to service.'" Aikens, 811 F.3d at 651. Rather, suits are incident to service when, based upon the totality of the circumstances, they "would call into question military discipline and decisionmaking [and would] require judicial inquiry into, and hence intrusion upon, military matters." Cioca, 720 F.3d at 515 (quoting United States v. Stanley, 483 U.S. 669, 682 (1987)).

4

The incident to service test is broad enough to include, at a minimum, "all injuries suffered by military personnel that are even remotely related to the individual's status as a member of the military." Stewart v. United States, 90 F.3d 102, 105 (4th Cir. 1996) (quoting Major v. United States, 835 F.2d 641, 644 (6th Cir. 1987)). "[W]here the case concerns an injury sustained by a soldier while on duty, the effect of the action upon military discipline is identical whether the suit is brought by the soldier directly or by a third party." Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666, 673 (1977). "Courts, therefore, have widely ruled that FTCA relief is not available to family members for claims based on the injuries to their relatives in the armed forces." Gaspard v. United States, 713 F.2d 1097, 1102 (5th Cir. 1983); see, e.g., Skees v. U.S. By & Through Dep't of Army, 107 F.3d 421, 425–26 (6th Cir. 1997); Monaco v. United States, 661 F.2d 129, 133–34 (9th Cir. 1981); De Font v. United States, 453 F.2d 1239, 1239–40 (1st Cir. 1972).

The instant case is indistinguishable from Feres itself. Plaintiff David Foster was stationed at Camp Lejeune. (Compl. at 4). While stationed at Camp Lejeune, he consumed contaminated drinking water and plaintiffs suffered injuries as a result. (See id. at 5). Plaintiffs allege negligence on the part of defendant in maintaining the premises of Camp Lejeune. (See id.). Accepting these facts as true, plaintiffs' claims against defendant are incident to plaintiff David Foster's military service. See In re Camp Lejeune N. Carolina Water Contamination Litig., 263 F. Supp. 3d 1318, 1341–43 (N.D. Ga. 2016) (dismissing substantially similar claims under the Feres doctrine). Plaintiffs' claims are barred by sovereign immunity and must be dismissed for lack of subject matter jurisdiction.[3]

---

[3] The court does not reach defendant's alternative argument that the discretionary function exception to the FTCA independently bars plaintiffs' claims. See 28 U.S.C. § 2680(a); United States v. Gaubert, 499 U.S. 315, 322 (1991).

5

**CONCLUSION**

Based on the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction (DE 18) is GRANTED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 31st day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge